IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40346
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRED ROBINSON; CLARENCE ROBINSON,

                                        Defendants-Appellants.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-40-2
- - - - - - - - - -
November 22, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

    Clarence and Fred Robinson appeal their convictions.  They
argue that, in the light of *Bailey v. United States*, 116 S. Ct.
501 (1995), there was insufficient evidence to support their
convictions and that jury instructions were improper.  Fred
argues:  (1) the district court erred by increasing his offense
level under U.S.S.G. § 3B1.1(a); (2) his statements to sheriff's

_____

    [*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

deputies were involuntary and improperly admitted; and (3) the district court abused its discretion by denying a jury instruction regarding the voluntariness of the statements.

We discern no error arising under *Bailey*. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*), *cert. denied*, 115 S. Ct. 1266 (1995); *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir. 1996), *petition for cert. filed*, July 29, 1996 (No. 96-5403); *United States v. Casto*, 889 F.2d 562, 566 (5th Cir. 1989), *cert. denied*, 493 U.S. 1092 (1990). The record reveals that Fred was appropriately assessed an enhancement for leading and organizing his brother's escape from jail and that Fred's statements to deputies were voluntary. *United States v. Musquiz*, 45 F.3d 927, 932-33 (5th Cir.), *cert. denied*, 116 S. Ct. 54 (1995); *United States v. Broussard*, 80 F.3d 1025, 1033 (5th Cir. 1996). Because the statements were voluntary and Fred proffered no evidence to support his contention to the contrary, the denial of the proffered instruction was not an abuse of discretion. *United States v. Sellers*, 926 F.2d 410, 414 (5th Cir. 1991).

AFFIRMED.